Conde T. Cox, OSB #090977
ccox@lbblawyers.com
Stuart K. Cohen, OSB #851738
scohen@lbblawyers.com
LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3500
Portland, OR 97201
Telephone: (503) 224-4100
Facsimile: (503) 244-4133

Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ENTERTAINMENT RADIO NETWORK, LLC, an Oregon limited liability company; BENCHMARK ENTERTAINMENT LLC, an Oregon limited liability company; and ALAN MASTERS aka ALAN TAYLOR, and individual,<br><br>        Plaintiffs,<br><br>    v.<br><br>TIME, INC., a Delaware corporation,<br><br>        Defendant. | Case No. _____<br><br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT**<br>**(Unfair competition; Dilution; Unjust Enrichment; Declaratory Judgment)**<br><br>**Jury Trial Demanded** |

Plaintiffs allege:

## INTRODUCTION

1.

This is an action at law and in equity for trademark infringement and unfair competition

under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (2002) ("Lanham Act"); the Oregon

antidilution statute, ORS 647.107; the Oregon Unlawful Trade Practices Act, ORS §§646.605 *et*

Page 1–COMPLAINT FOR TRADEMARK INFRINGEMENT

15552-001 *4050486.DOC*

*seq.*; the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* (2007), and the common law.

2.

Plaintiffs Entertainment Radio Network, LLC ("ERN"), its affiliate Benchmark Entertainment, LLC (Benchmark"), and their individual principal Alan Masters aka Alan Taylor, ("Masters"), have used in commerce and built "The Drive" service mark and trademark since 2013 though their nationally syndicated radio automotive culture talk show, through national automotive and automotive media shows, through nationwide television broadcasts on network television, and through the Internet, attracting national advertisers in the automotive industry. The mark "The Drive" is widely known as Plaintiffs' mark by radio listeners, by television viewers, by consumers, by advertisers, by Internet bloggers, and by media companies throughout the United States. ERN is the primary consumer interface for Plaintiffs' businesses, and ERN has for many years operated its website, www.ernlive.com, on which ERN has used the mark "The Drive" since February 2013. While contemporaneously recognizing in a writing signed by Defendant Time, Inc.'s Vice President Newell Thompson that "The Drive" is a mark owned and used in commerce nationally by Plaintiffs, Plaintiffs and Defendant Time, Inc. ("Time") engaged in negotiations in recent years to develop a joint marketing program under which Plaintiffs would license to Time the use of Plaintiffs' mark "The Drive." Such negotiations failed, no agreement regarding a joint marketing program was reached, nor was any agreement reached regarding the license by Time for the use of Plaintiffs' mark "The Drive." Plaintiffs' use of the mark was therefore known by Time when Time usurped and converted to its own use the mark "The Drive." Acting to protect its common law rights and ownership of "The Drive," on August 11, 2015, Plaintiff ERN, as the primary user of the mark in nationally broadcast radio talk shows and on its website on the Internet, filed on August 11, 2015 its Trademark/Service

Page 2–COMPLAINT FOR TRADEMARK INFRINGEMENT

15552-001 *4050486.DOC*

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100 • 503.224.4133 (facsimile)

Mark Application with the United States Patent and Trademark Office ("PTO") bearing serial number 86721634, to register its mark federally.  Nonetheless, commencing on or about September 16, 2015, Time began using in interstate commerce, including by way of a new automotive culture website, Plaintiffs' mark "The Drive."  Defendant Time has and continues to infringe Plaintiffs' "The Drive" mark, causing consumer confusion and national media advertiser confusion with respect to the source, sponsorship, or approval of Plaintiffs' services, causing irreparable harm to Plaintiffs' business, reputation, and goodwill, diluting and tarnishing the distinctive quality of Plaintiffs' mark both nationally and in the State of Oregon, and causing Defendant Time to be unjustly enriched.  Time filed its own PTO application to register the mark "The Drive" on September 22, 2015, bearing serial number 86764811, in spite of Time's knowledge of Plaintiffs' ownership and well-known use of the mark "The Drive" and in spite of Time's Vice President's written admission in 2013 that "this is really Alan's property," referring to Plaintiff Alan Masters and to the mark "The Drive."

## JURISDICTION AND VENUE

### 3.

This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338, and under 28 U.S.C. §2201.  This Court has jurisdiction over Plaintiff's related state and common-law claims pursuant to 28 U.S.C. §§ 1338 and 1367.  This Court independently has diversity jurisdiction over this matter because Plaintiffs and Time are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

### 4.

This Court also has personal jurisdiction over Time because, on information and belief, Time has sold advertising and distributed in Oregon a large number of publications and media

Page 3–COMPLAINT FOR TRADEMARK INFRINGEMENT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100 • 503.224.4133 (facsimile)

productions, including *Fortune*, *Money*, *Time*, and *Sports Illustrated* magazines.  Time has also infringed Plaintiffs' mark "The Drive" by way of Time's national use of its new automotive website, "www.thedrive.com," thereby engaging in acts or omissions within this State causing injury within this State, or has otherwise made or established contacts with this State sufficient to permit the exercise of personal jurisdiction.

This District is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## PARTIES

### 5.

Plaintiff Entertainment Radio Network ("ERN") is an Oregon limited liability company with its principal place of business at 231 SW 1st Street, Grants Pass, Oregon.  ERN has two LLC members, Alan Masters aka Alan Taylor, and his spouse, Jan Masters, both of whom are Oregon residents, also residing in Grants Pass, Oregon.  At times relevant herein, ERN has done business under the mark and assumed business name "The Drive" and "The Drive With Alan Taylor."

### 6.

Plaintiff Benchmark Entertainment LLC ("Benchmark") is also an Oregon limited liability company with its principal place of business at 231 SW 1st Street, Grants Pass, Oregon. Benchmark has the same two individual LLC members as ERN.  Benchmark has regularly produced radio and television broadcasts and other widely distributed transmedia, all of which utilize and rely upon the mark "The Drive," which it licenses and uses with its affiliates ERN and Masters.

### 7.

Plaintiff Alan Masters aka Alan Taylor ("Masters") is an individual residing in Grants

Page 4–COMPLAINT FOR TRADEMARK INFRINGEMENT

15552-001 *4050486.DOC*

**LANDYE BENNETT BLUMSTEIN** LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100 • 503.224.4133 (facsimile)

Pass, Oregon, who is the managing member of ERN and of Benchmark.  At times relevant herein, Masters has done business, primarily through his entities ERN and Benchmark, under the assumed business name "The Drive" and "The Drive With Alan Taylor."

8.

On information and belief, Defendant Time, Inc. ("Time") is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 1271 Avenue of the Americas, New York, New York 10020, and it may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, Wilmington, DE 19801.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

9.

ERN began its use of the mark "The Drive" in February 2013 in its nationally syndicated automotive talk shows, live events, automotive trade shows, blogs, videos, podcasts, websites (mainly, the site www.ernlive.com), and in media kits distributed by ERN and by Benchmark for the purpose of Plaintiffs' sales of advertising placed on its shows and website and videos and podcasts.  Such media kits were continuously distributed by ERN and by Benchmark from 2013 to the date of filing of this Complaint at dozens of national automotive trade shows for the purpose of selling advertising on ERN national radio broadcasts and other transmedia produced by Benchmark, starring Plaintiff Masters, who uses the stage/broadcast name Alan Taylor. Purchasers of such advertising include all of the world's largest and best known manufacturers of automobiles and automotive products, and their media partners.

10.

Plaintiffs have continuously used the mark "The Drive" from February 2013 to the date of filing of this Complaint, and Plaintiffs intend to continue to use such mark "The Drive" as its

Page 5–COMPLAINT FOR TRADEMARK INFRINGEMENT

15552-001 *4050486.DOC*

**LANDYE BENNETT BLUMSTEIN** LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100 • 503.224.4133 (facsimile)

primary service and trademark in nationally and internationally broadcast radio shows and television shows, in websites, in blogs, at auto trade shows, in media kits, and in nationally distributed magazines. Plaintiffs hold common law rights in the mark "The Drive" for automotive culture radio and television broadcasting, for sales of advertising in all forms of media relating to automotive culture, on the Internet and on Plaintiffs' websites, and in related video and podcast production, by virtue of their continuous use and jealous protection of "The Drive" as their mark. ERN is considered by the related and affiliated Plaintiffs as the primary user and holder and owner of the mark, with its affiliate Benchmark and their common individual principal Masters licensed users of the mark.

11.

Plaintiffs are known in Oregon and around the country, in connection with their use of "The Drive" service mark, as the owners and producers of nationally syndicated radio and television automotive culture talk shows, videos, podcasts, websites, blogs, and related media, and as a transmedia outlet for consumer connected advertising by the automotive industry. "The Drive" mark and its logo are associated with Masters as the radio voice and television personality Alan Taylor has become a valuable brand for Plaintiffs. Plaintiffs have established substantial goodwill among consumers and television viewers and radio listeners in connection with this brand and mark, as well as among important automotive culture-connected advertisers, readers, and publishers in the print media. Plaintiffs' "The Drive" mark is famous and distinctive in the State of Oregon and nationally as a transmedia mark connected to automotive culture and automotive industry advertisers. Plaintiff Masters has for example appeared and been interviewed annually for many years on the ABC television talk show Live with Kelly & Michael, in March and April each year during the New York International Auto Show, with

15552-001 *4050486.DOC*

**LANDYE BENNETT BLUMSTEIN** LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100 • 503.224-4133 (facsimile)

Plaintiff Masters introduced by Kelly, annually since 2013, as the man behind "The Drive." Such interviews reach millions of viewers and are broadcast daily for typically five days on ABC during the annual New York International Auto Show, with Plaintiff Masters each time introduced as the voice and personality for "The Drive."  Plaintiff Masters has also appeared using the moniker "The Drive" during many other national broadcasts on television and radio in recent years, in hundreds of broadcasts, reaching many millions of viewers and listeners.

12.

Plaintiffs have expended considerable time, effort, and money in advertising and publicizing its services in their use of The Drive mark and logo and related broadcasts and publications.  While using and relying on their mark "The Drive," Plaintiffs have received local, national, and international press, appearing in nationally circulated lifestyle magazines that are attractive to the automotive industry such as *Inc., Mens' Health, Popular Science, Working Mother, Hemispheres (*the United Airlines inflight publication*)*, and others.  Plaintiffs are also recognized and known via their mark "The Drive" to executives in the automotive industry, including executives at Ford Motor Company, General Motors, Chrysler, Fiat, Mercedes Benz, Lexus, Toyota, Maserati, BMW, Subaru, Nissan, Jaguar, LandRover, Aston Martin, Hyundai, Kia, Tesla, and others.  Indeed, Plaintiff Masters, while using the distinctive mark "The Drive," has interviewed on various media outlets the CEOs of virtually every major automobile manufacturer in the world.

13.

On or about September 16, 2015, Time began using "The Drive" in connection with its website, aimed at the automotive culture and automotive industry advertisers.  Time was fully aware of Plaintiffs' use and ownership of "The Drive" mark when Time began using Plaintiffs' mark.  A vice president of Time even stated in an email dated July 23, 2013, that Time was

Page 7–COMPLAINT FOR TRADEMARK INFRINGEMENT

15552-001 *4050486.DOC*

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100 • 503.224-4133 (facsimile)

interested in licensing Plaintiffs' mark "The Drive" and asked of another Time employee in that email to "set up a license….This is really Alan's property…." (referring, by use of the word "property," to the mark "The Drive" and to Plaintiff Alan Masters aka Alan Taylor, the individual principal of Plaintiffs ERN and Benchmark).

14.

Confusion is likely among advertisers, media publishers, consumers, television viewers, radio listeners, and others, for so long as Time uses Plaintiffs' mark "The Drive" in connection with a website, the Internet, or in advertising or media sources connected to the automotive culture and related media outlets.

15.

During September and October 2015, Plaintiffs began to experience instances of actual confusion among automotive industry professionals regarding whether ERN, Benchmark and Masters and their services and products were associated with Time, with Plaintiffs' receipt of emails from media professionals involved with the automotive industry and the automotive media regarding Time's use of Plaintiffs' mark "The Drive."  Indeed, in October 2015, written statements have been received by Plaintiffs' writers for transmedia advertisers, regarding actual confusion over the use by both Plaintiffs and Time of the mark "The Drive."  One executive with *Kelly Blue Book* recently stated to Masters that "they [Time] stole your show's name."

16.

On September 22, 2015, Time filed an application with the United States Patent and Trademark Office ("PTO") to register "The Drive" for "a website … in the field of automobiles, motorcycles, lifestyle and entertainment," and was given serial no. 86764811.  This was filed by Time even though Time knew of the prior use and ownership by Plaintiffs of the mark "The Drive" in the automotive culture and automotive transmedia industry (on television, in radio, on

15552-001 *4050486.DOC*

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100 • 503.224.4133 (facsimile)

the Internet, in live shows, in magazines, etc.).    Time's vice president, as noted above, stated in July 2013 that the mark "The Drive" "is Alan's property," and therefore Time attempted but failed to license the mark "The Drive" from Plaintiffs and instead simply appropriated Plaintiffs' mark in violation of law and in violation of the standards of decency and fair play.

17.

Time's advertising and promotion through its new website have affected Plaintiffs' reputation in the market and led to actual confusion regarding ownership of the mark "The Drive" in the automotive transmedia advertising industry and automotive culture in which Plaintiffs are major known participants via their mark "The Drive."

18.

Time knowingly, willfully, and intentionally adopted and used Plaintiffs' mark "The Drive."

**FIRST CLAIM FOR RELIEF**

**(Infringement of Unregistered Mark "The Drive")**

19.

Plaintiffs incorporate the allegations of the foregoing paragraphs as though fully set forth herein.

20.

Time's use in commerce of "The Drive" for an online presence in the automotive culture and automotive media industry has caused and is likely to continue to cause confusion with Plaintiffs' use of the trademark and service mark "The Drive" in their nationally syndicated radio talk shows, transmedia storytelling, and in its other automotive industry media activities, including at trade shows, on television news shows, in print media. and in other media outlets connected to automotive consumers, the automotive industry, and the automotive media industry.

Page 9–COMPLAINT FOR TRADEMARK INFRINGEMENT

15552-001 *4050486.DOC*

**LANDYE BENNETT BLUMSTEIN** LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100 • 503.224-4133 (facsimile)

21.

Time knew or had reason to know and admitted that it knew of Plaintiffs' ownership and use of "The Drive" mark and that Time's use of the mark in connection with marketing, promotion, and online presence would infringe Plaintiffs' mark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

22.

Time's actions have caused Plaintiffs irreparable harm and, unless enjoined, Time's actions will continue to cause irreparable harm to Plaintiffs' business, reputation, and goodwill.

23.

As a result of the trademark infringement as described above, Plaintiffs are entitled to relief, including injunctive relief, recovery of Time's profits, actual damages, reasonable royalty, enhanced profits, and damages, costs, and reasonable attorney fees pursuant to 15 U.S.C. §§ 1125(a), 1116, and 1117.

**SECOND CLAIM FOR RELIEF**

**(Federal Unfair Competition)**

24.

Plaintiffs incorporate the allegations of the foregoing paragraphs as though fully set forth herein.

25.

Time's use of Plaintiffs' "The Drive" mark is a false designation of origin, which is likely to cause and has caused confusion and mistake, and is likely to deceive and has deceived as to the affiliation, connection, or association of Time with Plaintiffs, and of Plaintiffs with Time.

26.

Time's actions as alleged herein constitute the use in commerce of false designations of

Page 10–COMPLAINT FOR TRADEMARK INFRINGEMENT

15552-001 *4050486.DOC*

**LANDYE BENNETT BLUMSTEIN LLP**
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100 • 503.224-4133 (facsimile)

origin and false or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Time's services and products as those of Plaintiffs, directly and/or secondarily, in violation of 15 U.S.C. § 1125(a), and tending to falsely or misleadingly describe and/or represent Plaintiffs' services, broadcasts, and products as those of Time.

27.

These actions have caused Plaintiffs irreparable harm and, unless enjoined, Time's actions will continue to cause irreparable harm to Plaintiffs' business, reputation, and goodwill.

28.

As a result of the unfair competition as described above, Plaintiffs are entitled to relief, including injunctive relief, recovery of Time's profits, actual damages, reasonable royalty, enhanced profits, and damages, costs, and reasonable attorney fees pursuant to 15 U.S.C. §§ 1125(a), 1116, and 1117.

## THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

29.

Plaintiffs incorporate the allegations of the foregoing paragraphs as though fully set forth herein.

30.

Time's actions as described herein constitute common law trademark infringement and unfair competition in violation of the common law of the State of Oregon, and have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion among consumers, in addition to injury to Plaintiffs' valuable reputation and goodwill associated with The Drive mark.

/////

Page 11–COMPLAINT FOR TRADEMARK INFRINGEMENT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100 • 503.224.4133 (facsimile)

31.

These actions have caused Plaintiffs irreparable harm and, unless enjoined, Time's actions will continue to cause irreparable harm to Plaintiffs' business, reputation, and goodwill.

32.

As a result of the common law trademark infringement and unfair competition described above, Plaintiffs are entitled to relief, including injunctive relief, recovery of Time's profits, reasonable royalty, actual damages, and costs.

## FOURTH CLAIM FOR RELIEF

### (State Trademark Dilution and Injury to Business Reputation)

33.

Plaintiffs incorporate the allegations of the foregoing paragraphs as though fully set forth herein.

34.

Plaintiffs have expended significant efforts in promoting "The Drive" mark in the State of Oregon and nationally, and Plaintiffs' "The Drive" mark has become a famous, distinctive, and well known symbol among automotive enthusiasts, television viewers, video viewers, bloggers, podcast listeners, Internet surfers, and radio listeners in Oregon.

35.

Time's use of "The Drive" mark dilutes and is likely to dilute the distinctiveness of the "The Drive" mark by undermining an ordinary consumer's identification of the mark with Plaintiffs in violation of ORS 647.107.

36.

These actions have caused Plaintiffs irreparable harm and, unless enjoined, Time's actions will continue to cause Plaintiffs irreparable harm and a likelihood of confusion among

Page 12–COMPLAINT FOR TRADEMARK INFRINGEMENT

**LANDYE BENNETT BLUMSTEIN** LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100 • 503.224-4133 (facsimile)

ordinary consumers, in addition to injury to Plaintiffs' valuable reputation and the goodwill associated with The Drive mark.

37.

As a result of the dilution and injury to business reputation described above, Plaintiffs are entitled to relief, including injunctive relief, recovery of Time's profits, reasonable royalty, actual damages, costs, and reasonable attorney fees pursuant to ORS 647.105 and 647.107.

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment)

38.

Plaintiffs incorporate the allegations of the foregoing paragraphs as though fully set forth herein.

39.

In committing the acts alleged herein, Time has willfully and knowingly copied and infringed Plaintiffs' "The Drive" mark for its own purposes and, as a direct and proximate result of its improper acts, Time has been unjustly enriched.

40.

Plaintiffs have suffered and will continue to suffer loss of business and reputation and profits by virtue of Time's conduct and its improper acts have caused and are continuing to cause irreparable injury to the reputation and goodwill that Plaintiffs have established by their use in commerce of the mark "The Drive."

41.

Plaintiffs are therefore entitled to an award of Time's unjust profits and Plaintiffs' lost profits.

/////

Page 13–COMPLAINT FOR TRADEMARK INFRINGEMENT

15552-001 *4050486.DOC*

**LANDYE BENNETT BLUMSTEIN LLP**
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224-4100 • 503.224-4133 (facsimile)

## SIXTH CLAIM FOR RELIEF

### (Declaratory Judgment That Time is Estopped to Deny the Propriety of PTO Registration of Plaintiffs' Mark "The Drive")

Plaintiffs incorporate the allegations of the foregoing paragraphs as though fully set forth herein.

### 42.

Time filed its own Application with the PTO on September 22, 2015, for the mark "The Drive," and therefore Time should be declared by this Court as now permanently and for all purposes in all courts and in all administrative proceedings in the United States, including, but not limited to pending and future proceedings before the PTO, estopped from having any right to object to the uniqueness and propriety of registration of the mark "The Drive" as a trademark/Service Mark, including in proceedings related to ERN's Application filed with the PTO on August 11, 2015. Such estoppel against any attempt by Time to object to the uniqueness of the mark or the propriety of "The Drive" as a proper mark subject to registration through the PTO should be established by this Court by way of Declaratory Judgment, pursuant to 28 U.S.C. §2201 *et seq.*

### 43.

For obtaining such a Declaratory Judgment of permanent estoppel and bar against Time regarding any right otherwise held by Time to object to the uniqueness or the propriety of registration by one or more Plaintiffs of the mark "The Drive" with the PTO, Plaintiffs should recover their reasonable attorney fees and related costs in bringing this action for such a Declaratory Judgment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

Page 14–COMPLAINT FOR TRADEMARK INFRINGEMENT

15552-001 *4050486.DOC*

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100 • 503.224-4133 (facsimile)

1.      A judgment in favor of Plaintiffs requiring Time to account for and pay to Plaintiffs all profits wrongfully derived by Time through its unlawful acts set forth herein and awarding Plaintiffs actual damages and/or a reasonable royalty, and enhanced profits and damages;

2.      An order that Time and all its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Time, or in concert or participation with Time, are enjoined permanently from:

(a)      using "The Drive" mark or any other copy, reproduction, colorable imitation, simulation of Plaintiffs' "The Drive" mark, or a confusingly similar mark, on or in connection with Time's goods or services;

(b)      using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with Time's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the trademarks, service marks, names, or logos of Plaintiffs, except under future valid trademark/service mark license agreement, if any, with Plaintiffs; and

(c)      using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with Time's goods or services that dilutes, tarnishes, or is likely to dilute or tarnish, the distinctiveness of the trademarks, service marks, names, or logos of Plaintiffs;

3.      An order enjoining Time from using the domain name www.thedrive.com and ordering Time to transfer the domain to Plaintiffs;

4.      An award to Plaintiffs of their costs (including expert fees), disbursements, and reasonable attorney fees incurred in this action, together with interest, including prejudgment

Page 15–COMPLAINT FOR TRADEMARK INFRINGEMENT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100 • 503.224.4133 (facsimile)

interest, pursuant to 15 U.S.C. § 1117, ORS 647.105, 28 U.S.C. §2201 *et seq.*, and the equity powers of this Court;

5.      An order directing the PTO to reject Trademark application serial number 86764811 filed on September 22, 2015, by Time;

6.      An order declaring Time permanently estopped from objecting to Trademark application serial number 86721634 filed on August 11, 2015, by Plaintiff ERN and from objecting to any other future application for registration of the mark "The Drive" that may be filed by one or more Plaintiffs with the PTO for registration of the mark "The Drive;" and

6.      Such other and further relief as the Court finds just and equitable.

DATED this 9th day of October, 2015.


LANDYE BENNETT BLUMSTEIN LLP


*/s/ Conde T. Cox*
Conde T. Cox, OSB #090977
ccox@lbblawyers.com
Stuart K. Cohen, OSB #851738
scohen@lbblawyers.com
Of Attorneys for Plaintiffs


Page 16–COMPLAINT FOR TRADEMARK INFRINGEMENT

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224-4100 • 503.224-4133 (facsimile)

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED this 9th day of October, 2015.

LANDYE BENNETT BLUMSTEIN LLP


*/s/ Conde T. Cox*
Conde T. Cox, OSB #090977
ccox@lbblawyers.com
Stuart K. Cohen, OSB #851738
scohen@lbblawyers.com
Of Attorneys for Plaintiffs

Page 17–COMPLAINT FOR TRADEMARK INFRINGEMENT

15552-001 *4050486.DOC*